HOWARD RICHARDSON, PLAINTIFF-RESPONDENT, v.
JACOB HEINOCHOWITZ, DEFENDANT-APPELLANT.

Submitted June 6. 1924—Decided October 1. 1924.

Contracts—Employment—Wrongful Discharge—Defendant's De-
nial that He Executed Contract—Agent's Right to Make
Agreement, Clear.

On appeals from the District Court of the Second Judicial
District of the County of Essex.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Milton M. Unger*.

For the appellee, *Dalrymple & Campbell* and *William H.
Campbell, Jr.*

PER CURIAM.

On November 21st, 1923, judgment was rendered against
the defendant-appellant and in favor of plaintiff-appellee in
two actions, one to recover wages earned and wages accruing
under a contract after the alleged wrongful discharge of
plaintiff-apellee by defendant-appellant, during which period
the plaintiff-appellee was unable to secure other employ-
ment, and in the other case for a later period. Judgment
in the first action was for $172.80 and costs, and in the
second action for $400 and costs.

The two suits were tried together by the judge, sitting
without a jury, and have been argued here together.

At the trial the plaintiff relied upon a written contract,
which read as follows:

"May 29th, '23.

"Grand View Park Hotel,
"Morris Co., N. J.

"This is to certify that I, George L. Thompson, manager of the above hotel, do hereby employ Howard Richardson as chef of the above hotel from May 29th, 1923, to June 30th, 1923, at the rate of $150 a month, and from July 1st, 1923, the said Howard Richardson is to receive $200 per mouth as chef to September 15th, inclusive, at which date, at midnight, the term of the contract expires. The said Richardson, however, agrees to remain as chief chef up to September 15th, 1923, one day per week off duty with pay.

"Signed,
"Jacob Heinochowitz, Owner.
"By George L. Thompson, Manager.
"Howard Richardson."

The defendant denied that he executed the contract, or that he authorized its execution, or that he knew of its existence. The court below found that the contract was entered into by Mr. Thompson as the duly authorized agent of the defendant, and there was abundant evidence to support that finding, and the court below was fully justified in finding that the contract was binding upon the defendant.

In an endeavor to prove the terms and conditions under which the plaintiff was employed, the plaintiff offered in evidence a letter purporting to have been written by Mr. Thompson to Thomas F. Reilly, the manager of the employment agency through which the plaintiff had been employed. It was objected to as not binding upon the defendant, but it was admitted in evidence. This letter, the evidence shows, was written by Thompson. It shows not only the terms under which the plaintiff was hired, but also that the "employment card" was mailed to the agency, in accordance with the requirement of the agency in its letter introducing plaintiff to the defendant, of which requirement, of course, the defendant was aware. The letter in question was therefore

evidential upon the question of compliance with that require-
ment. If the defendant desired to limit its evidential force
to that purpose, he should have indicated that wish by a
proper motion, and that he did not do. In this connection
it is to be observed that it nowhere appears to what extent
the trial judge made use of the letter in his determination
of the case. The presumption is that he used it properly.
We, therefore, conclude that there was no error in this mat-
ter.

The only remaining point is that the plaintiff abandoned
his employment and was not discharged.

The trial judge found against the defendant upon this
point and there was ample evidence to support his finding.

Both judgments will be affirmed, with costs.